IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

ELIZABETH R. BRYANT,

                Plaintiff,

v.

MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,

                Defendant.

Action No. 3:08–CV–719

**MEMORANDUM OPINION**

THIS MATTER, a review of a denial of an application for Social Security Disability Insurance Benefits, based on a finding by an Administrative Law Judge ("ALJ") that the applicant, Elizabeth Bryant, is not disabled, is before the Court on Bryant's objections (Docket No. 12) to Judge Dohnal's Report and Recommendation. For the reasons stated below, the Court will OVERRULE Bryant's objections.

**I. BACKGROUND**

The Social Security Commissioner ("Commissioner") evaluates applications for benefits according to a five-step process: asking whether an applicant (1) is performing "substantial gainful activity"; (2) is severely impaired; (3) has an impairment that is at least as severe as one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App'x 1; (4) could continue performing work that she did in the past; and (5) could perform any other job in the national economy. 20 C.F.R. §§ 416.905, 416.920; see Rogers v. Barnhart, 216 F. App'x 345, 347–48 (4th Cir. 2007). If, at any step of that analysis, the Commissioner is able

1

to determine that the applicant is disabled, the inquiry must stop. 20 C.F.R. § 404.1520(a)(4). The applicant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner if the analysis reaches step five. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

In this case, following the prescribed five-step process, the Commissioner found that (1) Bryant had not performed substantial gainful activity since the alleged onset of the disability; (2) she had severe impairments of degenerative changes of the cervical, thoracic, and lumbosacral spine, but that these impairments did not meet or equal any of those listed in 20 C.F.R. Part 404, Subpart P, App'x 1; and (3) due to her impairments, Bryant was limited in her ability to lift weights of more than ten pounds, or to climb, stoop, balance, kneel, crouch, or crawl. In step four, the Commissioner concluded that Bryant had the residual functional capacity ("RFC") to perform her past relevant work as a purchasing agent. Because the Commissioner determined that Bryant was capable of performing her past relevant work, it was unnecessary to proceed to step five of the analysis.

Based on those conclusions, the ALJ determined that Bryant was not disabled and thus not entitled to benefits. The Appeals Council denied Bryant's request to review the decision, making the ALJ's decision the final decision of the Commissioner. As is her right, Bryant sought judicial review of the ALJ's decision, arguing, inter alia, that the ALJ improperly disregarded the opinions of treating physicians and used Bryant's past written statements to determine the demands of her past relevant work. Judge Dohnal found that the ALJ's determinations were supported by substantial evidence and affirmed the ALJ's decision. Bryant now objects to Judge Dohnal's Report & Recommendation ("R&R"),

affirming the ALJ and Commissioner's decisions. She again argues that the ALJ improperly credited the medical testimony of non-treating physicians over that of treating physicians and relied on Bryant's prior written statements to determine the demands of her past relevant work, rather than crediting Bryant's in-court testimony.

## II. ANALYSIS

### A. Standard of Review

The Court may review a denial of benefits by the Commissioner, 42 U.S.C. § 405(g), but it must accept the Commissioner's findings of fact if they are supported by substantial evidence and were reached by applying the correct legal standard. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006) (stating that a court must apply that standard to findings of fact by an ALJ). The "substantial evidence" standard is more demanding than the "scintilla" standard, but less demanding than the "preponderance" standard. Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001). Thus, a finding is supported by "substantial evidence" if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). And, if "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. Id. In determining whether a decision satisfies that standard, the Court may not weigh conflicting evidence, evaluate the credibility of evidence, or substitute its judgment for the Commissioner's findings. Mastro, 270 F.3d at 176.

### B. As Found in Judge Dohnal's R&R, the ALJ Used Proper Legal Standards and Came to a Conclusion Supported by Substantial Evidence

In her objections, Bryant repeats two arguments she made to the magistrate judge. First, Bryant asserts that by crediting the testimony of non-treating physicians over the testimony of her treating physicians, the ALJ acted contrary to Social Security Ruling 96-6p, which, according to Bryant, required the ALJ to favor the testimony of her treating physicians to that of the non-examiners. Bryant also adds that because the non-examiners in this case "did not have credentials or any specialization code," the ALJ had an additional reason to credit the examining physicians over the non-examiners. (Bryant Objections 1.) Having reviewed the R&R and the ALJ's decision, the Court finds that the ALJ used the appropriate standard, as stated in 20 C.F.R. § 404.1527 and SSR 96-6p, to evaluate the conflicting evidence presented by the treating and non-treating physicians. Because the record contains substantial evidence supporting the ALJ's decision, which was thoroughly reviewed in the R&R, Bryant's first objection is OVERRULED.

Bryant next alleges that by determining the exertional requirements of her past relevant work using her own prior statements instead of her in-court testimony, the ALJ acted contrary to a decision by the "Lovejoy court." (Bryant Objection 2.) Although no citation is provided, the Court assumes Bryant refers to Lovejoy v. Heckler, 790 F.2d 1114 (4th Cir. 1986). Having reviewed Lovejoy, the R&R, and the ALJ's decision, the Court finds that Lovejoy does not support Bryant's position and the ALJ's decision, as reviewed in the R&R, is supported by substantial evidence. Bryant's second objection is OVERRULED.

### III. CONCLUSION

For the reasons stated above, Plaintiff's objections are OVERRULED and the Court ADOPTS Judge Dohnal's Report and Recommendation (Docket No. 11), DENYING Bryant's

4

Motion for Summary Judgment (Docket No. 6), GRANTING the Commissioner of Social Security's Motion for Summary Judgment (Docket No. 9), and AFFIRMING the Commissioner's decision denying benefits to Bryant.

Let the Clerk send a copy of this memorandum to all counsel of record. An appropriate order will issue forthwith.

It is SO ORDERED.

_____/s/_____
James R. Spencer
Chief United States District Judge

Entered this  17th  day of March 2010